Mr. Justice ThacheR
delivered the opinion of the court.
McCoy filed his bill in the probate court of Adams county, setting out that Rhodes, in 1836, was indebted to him in a large sum, and that, in part payment of this debt, Rhodes gave McCoy an open account which he claimed against the estate of one Joseph Montgomery, deceased, of Louisiana, which estate was then represented by Mary Montgomery, also since deceased. The bill further alleges that the said Mary agreed, with certain deductions, to pay the account to McCoy, provided the account was allowed to her in the settlement of said Joseph’s estate, which allowance is also alleged to have been suffered. The bill further alleges that the said Mary subsequently died in this state without having paid the account, and that Eli Montgomery, also a defendant in the bill, was appointed administrator of her estate. The bill charges that Rhodes still claims the amount of the account from said Mary’s estate, but prays for a decree for the amount in plaintiff’s favor. Eli Montgomery filed-an answer to the bill, in which he admits that there was an understanding at a certain time that the sum agreed upon as constituting the account was to be paid to McCoy upon the settlement of Joseph Montgomery’s estate, but that upon the settlement taking place, Rhodes claimed the amount of the account for himself, and as upon the account there was no order to pay the amount to McCoy, or any other transfer of the account, Mary Montgomery, in pursuance of her part of the contract, assumed the amount of the account as her individual debt to Rhodes, which still remains unpaid. Subsequently, there appears in the record a general demurrer in behalf of defendants Eli Montgomery and Rhodes. Tlie court decreed that the demurrer should be allowed and the bill dismissed.
*301 The case shows a state of circumstances over which the probate court had not control, and either under the demurrer or the answer, it was bound to decree upon a general principle of want of jurisdiction.
Judgment affirmed.